IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00262-MR

| | |
|---|---|
| JARROD W. WILLIS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ERIK A. HOOKS, Secretary of ) | |
| Department of Public Safety, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Response filed by the Petitioner on January 6, 2021 [Doc. 6], following this Court's Order directing the Petitioner to respond and show cause why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. [Doc. 5]. Also before the Court are the Petitioner's Motions for Status Reports [Docs. 8, 9, 11] and Motion for Appointment of Counsel [Doc. 12].

**I.   BACKGROUND**

Jarrod Willis (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted on October 23, 2011 in Mecklenburg County Superior Court of one count of first-degree rape; one count of first-degree sexual assault; one count of first-degree kidnapping; and one count of armed robbery. [Doc. 1 at 1].

The Petitioner filed a direct appeal, and on February 5, 2013, the North Carolina Court of Appeals entered an order instructing the trial court to arrest judgment on the Petitioner's first-degree kidnapping charge and to enter judgment against the Petitioner for second-degree kidnapping. State v. Willis, 2013 WL 432630 (N.C. Ct. App. 2013). The appellate court found no error in the Petitioner's other convictions. Id.

On March 12, 2013, the Petitioner filed a Petition for Discretionary Review in the North Carolina Supreme Court. The petition was dismissed on June 12, 2013. State v. Willis, 366 N.C. 592 (2013).

The Petitioner claims that he filed Motions for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court on February 3, 2014 and May 8, 2014. [Doc. 1 at 3-4]. Although the Petitioner states that the court denied both of those motions, he does not provide the dates of the denials. [Id.].

On July 30, 2018, the Petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court, which was dismissed on September 20, 2018. State v. Willis, 371 N.C. 475 (2018).

On April 17, 2019, the Petitioner filed a third MAR in the Mecklenburg County Superior Court, which was denied on May 23, 2019. [Doc. 1 at 3-4].

On or around April 27, 2020, the Petitioner filed his § 2254 petition in this Court.[1] [Doc. 1]. Upon initial review of the petition, the Court entered an Order directing the Petitioner to explain why the petition should not be dismissed as untimely. [Doc. 5]. The Petitioner filed his Response on January 6, 2021. [Doc. 6].

## II. DISCUSSION

### A. Timeliness of § 2254 Petition

As previously explained by this Court in its Order to Show Cause [Doc. 5], the § 2254 petition was untimely, as it was filed after the expiration of the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, the petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Following the denial of his Petition for Discretionary Review on June 12, 2013, the Petitioner had ninety (90) days in which to file a petition for writ of certiorari in the United States Supreme Court. See Sup. Ct. R. 13.1.

---

[1] Under Houston v. Lack, an inmate's pleading is filed at the time he or she delivers it to the prison authorities for forwarding to the court clerk. 487 U.S. 266, 270 (1988). The envelope in which the petition was mailed is post-marked April 27, 2020. [Doc. 1-2].

3

However, he did not to do so, and his conviction became final on September 10, 2013. See Clay v. United States, 537 U.S. 522, 527 (2003)(stating that finality attaches "when the time for filing a certiorari petition expires."). Accordingly, the AEDPA's one-year statute of limitations began to run on September 10, 2013, and ran for 146 days until the Petitioner filed his first MAR on February 3, 2014. [Doc. 1 at 4].

Because the Petitioner does not provide the specific date that the Mecklenburg County Superior Court denied the MARs he filed in 2014, the Court cannot conclusively determine when the AEDPA's statute of limitations restarted. Nevertheless, the Petitioner filed a third MAR with the Mecklenburg County Superior Court on April 17, 2019, that was denied on May 23, 2019. [Doc. 1 at 3]. The Petitioner did not file a certiorari petition following the denial, so the statute of limitations was tolled for thirty (30) days before it restarted on June 22, 2019. See Oxendale v. Corpening, 2020 WL 3060755, at *3 (W.D.N.C. June 9, 2020)(holding that the AEDPA's statute of restarts thirty days after the denial of an MAR unless the Petitioner files a writ of certiorari within thirty days or demonstrates "very unusual circumstances"). The statute of limitations then ran for the remaining 219 days until it expired on January 27, 2020. Therefore, the § 2254 petition filed on April 27, 2020 was untimely under § 2244(d)(1)(A).

## B. Equitable Tolling

The § 2254 petition is subject to dismissal as untimely unless the Petitioner can demonstrate good cause for his late filing. In his Response addressing the timeliness of his § 2254 petition, the Petitioner states that his correctional institution was on a code 1 status amid the pandemic at the beginning of the year, with unit II in quarantine because people started becoming sick with flu like symptoms. [Doc. 6 at 1]. The Petitioner adds that the Covid-19 restrictions were stayed around March 2020, when people started testing positive, leading to staff being in quarantine and also quitting [Id.]. The Petitioner states that he gave his legal pleadings to Captain Johnson on April 27, 2020, who took them to the mailroom. [Id. at 1-2]. He claims that mailroom staff was stretched thin due to the pandemic, and which resulted in the neglect of mail leaving on time. [Id.].

Equitable tolling of the § 2254 statute of limitations may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

5

Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The statute of limitations expired on January 27, 2020, and the Petitioner claims that he provided his petition to officials for mailing on April 27, 2020. The § 2254 petition was postmarked on April 27, 2020, the same day he provided it to officials for mailing. [Doc. 1-2]. Therefore, the Petitioner cannot point to any delay in the handling of his mail by prison officials.

The Petitioner's general complaints concerning the handling of prison mail and Covid-19 restrictions do not constitute extraordinary circumstances or egregious misconduct to justify the application of equitable tolling. See Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011)("[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling"). See also United States v. Harris, 2021 WL 1823109, *4-5 (E.D.Va. May 6, 2021)(generic claims about Covid-19 restrictions did not warrant equitable tolling). The Petitioner does not specify how the conditions he complains of prevented him from timely filing his § 2254 petition by the January 27th

deadline, which was before COVID-19 had any impact on the prison's operations. The Petitioner fails to show he diligently pursued his rights and cannot satisfy his burden for equitable tolling. As such, the § 2254 petition is untimely and shall be dismissed.

### C. Motions for Status Reports

The Petitioner has filed several motions requesting reports advising of the status of this § 2254 proceeding. [Docs. 8, 9, 11]. As this order disposes of his § 2254 petition as untimely, his motions are denied as moot.

### D. Motion for Appointment of Counsel

The Petitioner moves for the appointment of an attorney to represent him and guide him through this proceeding. [Doc. 12]. However, this is a § 2254 proceeding, for which there is no constitutional right to the appointment of counsel. Crowe v. United States, 175 F.2d 799, 801 (4th Cir. 1949). As discussed above, the § 2254 petition is dismissed as untimely, and therefore, the Petitioner can show no sufficient grounds to justify the need for appointment of counsel. As such, the Petitioner's motion for appointment of counsel is denied.

### III. CONCLUSION

For the reasons set forth above, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely. The Petitioner's Motion for

Status Reports [Docs. 8, 9, 11] are denied as moot and the Petitioner is not entitled to the appointment of counsel [Doc. 12].

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Petitioner's Motion for Status Reports [Docs. 8, 9, 11] are **DENIED** as moot.

3. The Petitioner's Motion for Appointment of Counsel [Doc. 12] is **DENIED**.

4. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: August 19, 2022

Martin Reidinger
Chief United States District Judge