IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00262-MR

| | | |
|---|---|---|
| JARROD W. WILLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| | ) | |
| ERIK A. HOOKS, Secretary of Department of Public Safety, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

**THIS MATTER** is before the Court on the *pro se* Motions for Reconsideration filed by the Petitioner, Jarrod Willis ("the Petitioner") on September 8, 2022 [Doc. 15] and September 27, 2022 [Doc. 16]. The Petitioner seeks reconsideration of the Court's August 19, 2022 Order dismissing his § 2254 petition as untimely filed. [Doc. 13].[1]

**I.  BACKGROUND**

Jarrod Willis (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted on October 23, 2011 in Mecklenburg County Superior Court of one count of first-degree rape; one count of first-degree sexual assault; one count of first-degree kidnapping; and one count of armed robbery. [Doc. 1 at 1].

---
[1] The two Motions for Reconsideration [Docs. 15, 16] appear to be duplicate filings.

On or around April 27, 2020, the Petitioner filed his § 2254 petition in this Court. [Doc. 1]. Upon initial review of the petition, the Court entered an Order directing the Petitioner to explain why the petition should not be dismissed as untimely. [Doc. 5]. The Petitioner filed his Response on January 6, 2021. [Doc. 6].

The Court entered an Order on August 19, 2022 dismissing the § 2254 petition as untimely filed. [Doc. 13]. The Petitioner now seeks reconsideration of the Court's dismissal Order. [Docs. 15, 16].

## II. STANDARD OF REVIEW

Motions for Reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60.

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may

2

not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

### III. DISCUSSION

The Court dismissed the § 2254 petition as untimely, having concluded that it was filed after the expiration of the statute of limitations. [Doc. 13]. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As the Court explained in its dismissal Order, the time for filing a § 2254 petition expired on January 27, 2020. The Petitioner's § 2254 petition, filed on April 27, 2020, was therefore untimely. [Doc. 13].

The Petitioner was given the opportunity to address the untimely filing of his § 2254 petition. [Doc. 5]. The Petitioner claimed that due to the COVID-19 pandemic restrictions, the mailroom staff was stretched thin, which resulted in the neglect of mail leaving on time. [Doc. 6]. The Petitioner claimed that he gave his legal pleadings to Captain Johnson for mailing on April 27, 2020, who took them to the mailroom. [Id. at 1-2]. However, the § 2254 petition was postmarked on April 27, 2020, the same day the Petitioner provided it to officials for mailing, and therefore, the Petitioner could not show any delay in the handling of his mail by prison officials. [Doc. 1-2]. The Petitioner failed to specify how he was prevented from timely filing his § 2254 petition by the January 27th deadline, which was before COVID-19 had any impact on the prison's operations. [Docs. 6, 13].

As grounds for reconsideration, the Petitioner argues that he timely placed his filing in the hands of corrections officials. [Docs. 15, 16]. He further states that his filing was received on January 6th. [Id.]. However, he appears to be referring to the January 6, 2021 filing date of his response to the Court's Order to Show Cause, not his § 2254 petition. [Doc. 6]. The

4

Petitioner does not provide the Court with any sufficient grounds to demonstrate that reconsideration of the dismissal Order is warranted. The Petitioner fails to show any clear error of law that requires this Court's correction, nor does he show the presence of any limited circumstances under which a motion for reconsideration may be granted under Rule 59 or Rule 60. As such, the Petitioner is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motions for Reconsideration [Docs. 15, 16] are **DENIED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge